FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 03 2011 ★

LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MENDEL REIZES AND YEHOSHUA JUSEWITZ on behalf of themselves and all similarly situated Plaintiffs, <br><br> -against- <br><br> PROFESSIONAL RECOVERY SERVICES, INC. <br><br> Defendant. | **CV 11 3770** <br><br> **WEINSTEIN J** <br><br> **REYES, JR, M.** <br><br> **SUMMONS ISSUED** |

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs Mendel Reizes and Yehoshua Jusewitz seek redress for the illegal practices of Professional Recovery Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

### *Parties*

2. Plaintiffs are citizens of the State of New York who resides within this District.

3. Plaintiffs are "consumer[s]" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4. Defendant's principal place of business is located in Vorhees, New Jersey.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 for the FDCPA claim and pendent jurisdiction for the TCPA claim.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant attempted to collect alleged consumer debts from the plaintiffs.

10. During the past year the defendant's collectors left 16 human voice messages for plaintiff Mendel Reizes where the defendant and its collectors failed to state that the communication is from a debt collector.

11. During the past year the defendant left 21 prerecorded messages for plaintiff Mendel Reizes which failed to set forth that the communication is from a debt collector.

12. During the past year the defendant left two human voice messages for plaintiff Yehoshua Jusewitz where the defendant and its collectors failed to state that the communication is from a debt collector.

13. The defendant's leaving of the pre-recorded messages caused the plaintiff to incur additional charges in violation of 1692f(5).

14. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(5), 1692e(10) and 1692e(11).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiffs on behalf of themselves and the members of a class, as against the defendant.*

15. Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs 1-14 as if set forth fully in this Cause of Action.

16. This action is brought on behalf of plaintiffs and the members of a class.

17. The Class consists of consumers who were left a telephone message concerning a consumer debt without having been informed that the communication was from a debt collector.

18. The Class consists of all persons whom Defendant's records reflect resided in the United States and who received telephonic messages from defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages were in violation 15 U.S.C. §§ 1692e(11) and 1692e(10).

19. A sub-class exists for those consumers whereby the defendant also violated 1692f(5).

20. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiffs' interests are consistent with those of the members of the class.

21. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. If the facts are discovered to be appropriate, the plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

24. The actions of the defendant violate the Fair Debt Collection Practices Act.

25. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully requests that this Court enter judgment in their favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

*Violations of the Telephone Consumer Protection Act brought by plaintiffs on behalf of themselves and the members of a class, as against the defendant.*

26. Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs 1-13 as if set forth fully in this Cause of Action.

27. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the 72 calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiffs by defendant.

28. Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

29. There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs have not consented to the use of the telephone number at issue.

30. Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

31. Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

32. All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

WHEREFORE, Plaintiffs, respectfully requests that this Court enter judgment in their favor and on behalf of the members of the class, and against the defendant and award damages as follows:

    (d)    Statutory damages provided under the TCPA;

    (e)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 2, 2011

_(signature)_

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_(signature)_
Adam J. Fishbein (AF-9508)