UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MENDEL REIZES AND YEHOSUA JUSEWITZ,
on behalf of themselves and all others similarly situated

        Plaintiffs,

   -against-

PROFESSIONAL RECOVERY SERVICES, INC.

        Defendant
--------------------------------------------------------------------------------X

**ANSWER**

1:11-cv-03770(RRM)(RER)

     Defendant Professional Recovery Services, Inc., by its attorney Mel S. Harris and Associates, LLC, answers plaintiff's complaint as follows:

     1. Defendant acknowledges being sued pursuant to the Fair Debt Collections Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), but denies any violations thereof. Defendant denies the remaining allegations in paragraph "1" of the complaint.

     2. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "2" of the complaint.

     3. Defendant avers that paragraph "3" seeks a legal conclusion to which no response is necessary.

     4. Defendant admits to the allegations contained in paragraph "4" of the complaint.

     5. Defendant admits to the allegations contained in paragraph "5" of the complaint.

     6. Defendant avers that paragraph "6" seeks a legal conclusion to which no response is necessary.

     7. Defendant admits that this Court has federal question jurisdiction over the FDCPA claim but denies any pendent or supplemental jurisdiction over the TCPA claim.

     8. Defendant admits that venue is appropriate but denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "8" of the complaint.

9. Defendant admits that it attempted to collect a debt owed by the plaintiffs but denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "9" of the complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "10" of the complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11" of the complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12" of the complaint.

13. Defendant denies each and every allegation contained in paragraph "13" of the complaint.

14. Defendant denies each and every allegation contained in paragraph "14" of the complaint.

15. Defendant hereby repeats the answers to Paragraphs 1-14 of this Answer as the answer to this Paragraph "15" of the complaint as though fully set forth herein.

16. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16" of the complaint.

17. Defendant denies each and every allegation contained in paragraph "17" of the complaint.

18. Defendant denies each and every allegation contained in paragraph "18" of the complaint.

19. Defendant denies each and every allegation contained in paragraph "19" of the complaint.

20. Defendant denies each and every allegation contained in paragraph "20" of the complaint.

21. Defendant denies each and every allegation contained in paragraph "21" of the complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "22" of the complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "23" of the complaint.

24. Defendant denies each and every allegation contained in paragraph "24" of the complaint.

25. Defendant denies each and every allegation contained in paragraph "25" of the complaint.

26. Defendant hereby repeats the answers to Paragraphs 1-25 of this Answer as the answer to this Paragraph "26" of the complaint as though fully set forth herein.

27. Defendant denies each and every allegation contained in paragraph "27" of the complaint.

28. Defendant denies each and every allegation contained in paragraph "28" of the complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to whether plaintiffs consented to the use of the telephone number at issue and denies each and every other allegation contained in paragraph "29" of the complaint.

30. Defendant denies each and every allegation contained in paragraph "30" of the complaint.

31. Defendant denies each and every allegation contained in paragraph "31" of the complaint.

32. Defendant denies each and every allegation contained in paragraph "32" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

33. Plaintiffs' Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. Defendant is shielded from any TCPA liability due to reasonable practices and procedures it instituted to avoid any alleged violations of the TCPA. 47 U.S.C. § 227(c)(5)(C).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. Defendant cannot be found liable for the alleged TCPA violations as debt collectors are exempt from liability under the alleged circumstances.  *See* 47 C.F.R. § 64.1200(a)(2)(iv); 7 FCC Rcd. 8752, 8771-8772.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. Plaintiffs are not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiffs

failed to take reasonable steps to mitigate their damages with respect to the matters alleged in the Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. Any act or omission by defendant, if determined to be in violation of the Fair Debt Collections Practices Act ("FDCPA"), which defendant denies, was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. The Complaint, and each cause of action alleged therein against Defendant are barred by the conduct, actions and inactions of Plaintiffs, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

**WHEREFORE,** Defendant respectfully prays that this action be dismissed with prejudice in its entirety and that Defendant be awarded its reasonable attorneys' fees and costs incurred to date in defending this action and for such other and further relief as this Court deems proper.

Dated: New York, NY
October 3, 2011

　　　　　　　　　　　　　　　　　　　　　　/s/ Hilary Korman
　　　　　　　　　　　　　　　　　　　　By: Hilary Korman, Esq.
　　　　　　　　　　　　　　　　　　　　Mel S. Harris and Associates, L.L.C.
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　Direct Dial: (212) 571-4900 ext. 3309
　　　　　　　　　　　　　　　　　　　　Direct Facsimile: (212) 660-1018
　　　　　　　　　　　　　　　　　　　　E-mail: hkorman@melharrislaw.com

To:
Adam J. Fishbein, P.C.
Attorney for Plaintiff
483 Chestnut Street
Cedarhurst, New York 11516
*Via ECF Only*